UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN P. ALLISON,

    Petitioner,

v.                                      Civil Action No. 2:15-cv-273

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner John P. Allison's ("Allison") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 13. The Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned finds that Allison's claims are without merit, and therefore **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**, and Allison's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKROUND

Although Allison has a litany of criminal offenses on his record, there are three convictions that are relevant to the instant Petition. On January 4, 1995, Allison pled guilty to four counts of grand larceny in violation of Va. Code § 18.2-95 in the Circuit Court for the City

of Virginia Beach, and he received a suspended sentence for the offenses. *Commonwealth v. Allison*, Nos. CR94002874-01, CR94002874-02. CR94002874-03, CR94002874-04 (Va. Cir. Ct. Jan. 4, 1995). On April 2, 2003, Allison was found guilty for the offense of attempted malicious wounding in violation of Va. Code § 18.2-51.2, following a trial by jury in the Circuit Court for the City of Virginia Beach. *Commonwealth v. Allison*, No. CR02004574-00 (Va. Cir. Ct. Apr. 2, 2003). Allison was sentenced to seven years in the state penitentiary, with four years suspended. *Id.* On October 19, 2012, Allison pled guilty to assault and battery in violation of Va. Code § 18.2-57 in the Circuit Court for the City of Virginia Beach. *Commonwealth v. Allison*, No. CR12000039-00, (Va. Cir. Ct. Oct. 19, 2012). Allison received twelve months in jail with eleven months suspended. *Id.* Allison did not appeal the ruling. ECF No. 21 at 1.

On March 13, 2013, Allison had a probation revocation hearing in the Circuit Court for the City of Virginia Beach, where the court revoked Allison's suspended sentences for his 1995 and 2003 convictions for four counts of grand larceny and one count of attempted malicious wounding. Probation Revocation Hr'g Tr., *Commonwealth v. Allison*, Nos. CR94-2874, CR94-2961, CR02-4574, CR02-4612, at 65 (Va. Cir. Ct. Mar 13, 2013). The court resuspended all but nine years, and sentenced Allison to nine years in the Virginia state penitentiary. *Id.* at 66. The judge explained that Allison's more than seven pages of violations—many of which were crimes against people—combined with Allison's substance abuse issues and anger management problems, influenced his decision to revoke Allison's previously suspended sentences from years earlier. *Id.* at 65.

Allison is currently confined in the Virginia Department of Corrections due to the revocation of his suspended sentences by the Circuit Court for the City of Virginia Beach. *Id.* at 65-66; ECF No. 21 at 1. Allison then filed a petition for writ of habeas corpus in the Supreme

Court of Virginia on February 12, 2014. Order, *Commonwealth v. Allison*, No. 140820 (Va. Sept. 2, 2014). Allison's grounds for filing this petition were as follows:

1. Ineffective Assistance of Counsel: Allison asserted that his trial counsel failed to advise him that his guilty plea for the assault and battery charge in the Circuit Court for the City of Chesapeake would affect a previously suspended sentence or sentences because his counsel did not properly investigate his prior convictions and sentences. Allison also asserted that his counsel failed to note a timely appeal of the trial court's decision and that his counsel failed to object to the admission of jailhouse phone call evidence.

2. Prosecutorial Misconduct: Allison asserted that the Commonwealth of Virginia engaged in prosecutorial misconduct by admitting evidence of jailhouse phone calls that Allison had made to his girlfriend, and this call showed that Allison had forged a letter from his mother to the trial court. Allison claims that neither he nor his girlfriend moved to admit the letter into evidence, so the admission of the jailhouse phone calls was therefore improper.

3. Abusive Use of Trial Court Discretion: Allison asserted that the trial court abused its discretion in requiring petitioner to serve nine years of his previously suspended sentences.

On May 26, 2015, The Supreme Court of Virginia dismissed Allison's state court petition. The court rejected Allison's claims of ineffective assistance of counsel, stating that there is no constitutional right to counsel at a probation revocation hearing or at an appeal from a probation revocation hearing. *Allison*, No. 140820 at 1. The court also rejected Allison's claim of

3

prosecutorial misconduct and abuse of trial court discretion because the claims could have been raised at trial and on direct appeal, and thus the claims were procedurally barred. *Id.*

Allison then filed the instant Petition on June 17, 2015.[1] Allison raised the following claims of ineffective assistance of counsel:

1. Failure to object to testimony of a civil protection order during a criminal probation revocation hearing: Allison asserts that his attorney should have objected to the questioning of Allison's probation officer about a civil protection order brought by Allison's mother. Allison argued that the civil protection order was not relevant to the probation revocation hearing. Allison further asserted that his attorney did not take sufficient notice of the civil protection order prior to the hearing.

2. Failure to investigate petitioner's criminal and violation history prior to trial: Allison asserted that when the trial court sought to consider his criminal and violation history, neither his attorney nor his probation officer could provide relevant information. The trial court continued the matter to a later date, and Allison asserted that this continuance facilitated his behavior which ultimately led to revocation of his previously suspended sentences and nine years sentence.

3. Failure to note and perfect a timely appeal of the trial court's decision.

4. Failure to object to jailhouse conversation evidence presented by the Commonwealth: Allison asserted that his attorney should have objected to evidence of a jailhouse phone call between Allison and his girlfriend because the evidence was prejudicial and irrelevant to his violation. Allison further claimed that the evidence was presented without prior notice to his attorney, and that counsel's failure to object or to

---

[1] Allison initially filed the petition in the Western District of Virginia, but the petition was transferred to the Eastern District of Virginia on June 18, 2015. ECF Nos. 2-3.

4

request a recess to discuss strategy with Allison constituted ineffective assistance of counsel.

ECF No. 1 at 4-5.

On December 3, 2015, the Attorney General of Virginia, on behalf of the Respondent, filed a Motion to Dismiss, a Brief in Support of Respondent's Motion to Dismiss, a Rule 5 Answer, and a *Roseboro* notice. ECF Nos. 13-16. Allison filed a brief in opposition to Respondent's Motion to Dismiss, ECF No. 17, and an Addendum, ECF No. 18.

## II. PROCEDURAL ANALYSIS

### A. Successiveness

Section 2244 provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Additionally, absent an enumerated exception, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

The Fourth Circuit stated in *Miller v. Bordenkircher* that the successiveness requirement intends to minimize the abuse of habeas corpus by limiting the right to assert stale claims and file multiple petitions. 764 F.2d 245, 248 (4th Cir. 1985). From the plain language of section 2244, it is evident that "multiple petitions" refers to multiple petitions arising from the same judgment or asserting the same claims. The Supreme Court stated that preventing prisoners from filing multiple petitions from the same judgment serves important interests such as "finality, resource

efficiency, certainty, and stability." *Gill v. Wilson*, 2013 WL 2240112 (E.D. Va. 2013) (citing *McCleskey v. Zant*, 499 U.S. 467, 491-96 (1991)).

Allison has two separate pending petitions in the United States District Court for the Eastern District of Virginia (Case No. 2:15cv144 and Case No. 2:15cv273), but they assert different claims and arise from different convictions. The instant Petition is the only petition in which Allison challenges his 2007 conviction for a probation violation and to which he is presently in custody. Accordingly, the undersigned **FINDS** that Allison's Petition cannot be dismissed as successive.

**B. Timeliness**

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

On March 13, 2013, in a sentencing order, the trial court revoked Allison's suspended sentence. Allison did not appeal this ruling. Allison's conviction became final on April 13, 2013, or when the time to appeal expired. *See* U.S. Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for writ of certiorari in the United States Supreme Court expired."). Under 28 U.S.C. § 2244(d)(1), Allison had until April 13, 2014, one year from the date his conviction became final, to file his habeas petition in this Court. However, the time to file was statutorily tolled for 468 days, or one year, five months,

6

and fourteen days, from February 12, 2014, when Allison filed his state habeas petition in the Supreme Court of Virginia, to May 26, 2015, when the state court dismissed and denied his petition. Allison filed the instant Petition on June 17, 2015, within the one-year statute of limitations deadline as prescribed by AEDPA, which had been tolled until July 25, 2015.

Accordingly, because the instant petition was filed in this Court within the statute of limitations after statutory tolling, the undersigned **FINDS** that Allison's Petition was filed in a timely manner and his Petition is therefore not barred by 28 U.S.C. § 2244(d)(1)(A).

## C. Exhaustion of Remedies

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

Allison appealed the judgment of the Circuit Court for the City of Virginia Beach by way of a petition for a writ of habeas corpus, which he filed in the Supreme Court of Virginia on

February 12, 2014. Allison asserted all four of his claims regarding ineffective assistance of counsel in the Supreme Court of Virginia, which is the highest state court in Virginia with jurisdiction to review Allison's habeas corpus claims. The Supreme Court of Virginia then dismissed Allison's petition on May 26, 2015. Because the Supreme Court of Virginia is the highest state court in Virginia with jurisdiction to review petitions of habeas corpus, the undersigned **FINDS** that Allison has effectively exhausted his state remedies.

### III. STANDARD OF REVIEW

When a state court addressed the merits of a claim that is subsequently raised in a 28 U.S.C. § 2254 petition, a federal court may not grant habeas relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The Court independently reviews whether that decision satisfies either standard. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law or if the state court decides a case differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 413. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal

constitutional right has been violated." *Id.* at 389 (emphasis added). It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101. "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2554(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* at 102 (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011). Here, as in *Premo*, the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law." *Richter*, 562 U.S. at 100; 28 U.S.C. § 2254(d)(1).

To be entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Allison must show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 446 U.S. 668, 700 (1984). First, to establish deficient performance, Allison is required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Allison is also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Additionally, counsel's errors must be "so serious as to deprive the defendant of a fair trial," and the petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 687; *Id.* at 693.

In the context of Sixth Amendment ineffective assistance of counsel claims that have already been rejected by the state court, the United States Supreme Court summarized the high bar petitioners then face in a federal 2254 habeas petition:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [111, 123], 129 S. Ct. [1411,] 1420 [(2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 562 U.S. at 123. With that standard in mind, the Court now turns to the merits of Allison's claims.

## IV. ANALYSIS

All four of Allison's claims raised in the instant Petition assert that he was prejudiced by ineffective assistance of counsel due to the deficient performance of his attorney during his probation revocation hearing. Because there is no constitutional right to counsel during state post-conviction proceedings, such as probation revocation hearings, all four of Allison's ineffective assistance of counsel claims have no merit and must necessarily be dismissed.

The Supreme Court of the United States determined that there is no constitutional right to counsel in state post-conviction proceedings, such as parole revocation hearings and probation revocation hearings, and therefore a petitioner cannot claim ineffective assistance of counsel.

10

*Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that a petitioner cannot raise an ineffective assistance of counsel claim stemming from a state post-conviction proceeding); *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (holding that there is no constitutional right to counsel in a state post-conviction proceeding). In fact, section 2254 states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). However, the *Gagnon* Court stated that although there is no requirement of counsel in state post-conviction proceedings, counsel may be necessary only on a case-by-case basis, but the defendant must make a timely and colorable claim of innocence, the matter must be complex, and the petitioner must not appear "to be capable of speaking effectively for himself."[2] *Gagnon*, 411 U.S. at 790-91. Additionally, courts in the Eastern and Western Districts of Virginia have held—consistent with Supreme Court precedent—that ineffective assistance of counsel claims stemming from probation revocation hearings must necessarily fail. *Payne v. Kelly*, 2001 WL 34795536 (W.D. Va. 2001) (approving of the Supreme Court of Virginia's dismissal of petitioner's claim of ineffective assistance of counsel at a probation revocation hearing by adhering to the United States Supreme Court's *Gagnon* precedent); *United States v. Allgood*, 48 F. Supp. 2d 554, 559 (E.D. Va. 1999) (holding that "a defendant cannot raise an ineffective assistance of counsel claim as a result of actions occurring in post-conviction proceedings.").

---

[2] Factors that would implicate the *Gagnon* case-by-case exception include long, complex proceedings, a colorable claim of innocence, or impecuniosity. *See Warren v. Director of Virginia Dept. of Corrections*, 2013 WL 4759252, 3 (E.D. Va. 2013) (determining that the *Gagnon* exception was not implicated because the proceeding was short and not complex); *Muse v. Brown*, 2013 WL 819729, 4 (E.D. Va. 2013) (holding that there is no constitutional right to counsel at a probation revocation hearing pursuant to *Gagnon* when there is no colorable claim of innocence); *Murray v. Bazzle*, 2009 WL 1181916, 3 (D.S.C. 2009) (holding that there was no constitutional right to counsel at petitioner's probation revocation hearing because petitioner was not indigent).

Allison hired an attorney simply because he thought it to be the prudent decision. Probation Revocation Hr'g Tr., at 65. Allison is not indigent due to his ability to hire an attorney, he has no colorable claim of innocence, and his matter was not complex. Because Allison cannot meet the requirements of *Gagnon*'s case-by-case exception, he is not entitled to counsel, and he therefore cannot raise a claim of ineffective assistance of counsel. *Cf. Gagnon*, 411 U.S. at n.6 (indicating that petitioner's claims would be treated no differently if counsel were retained: "[W]e have no occasion to decide in this case whether a probationer or parolee has a right to be represented at a revocation hearing by retained counsel in situations other than those where the State would be obliged to furnish counsel for an indigent.").

In Claim 1, Allison asserted that he was prejudiced by his attorney's failure to object to questioning of Allison's probation officer about a civil protection order brought by Allison's mother. Because there is no constitutional right to counsel at a probation revocation hearing, Allison is barred from claiming that he received ineffective assistance of counsel at the hearing. Accordingly, the undersigned **RECOMMENDS** that Claim 1 be **DISMISSED**.

In Claim 2, Allison asserted that his attorney's and his probation officer's lack of knowledge about his criminal and violation history prior to the hearing resulted in a continuance that facilitated Allison's improper behavior that ultimately led the court to revoke his suspended sentence and resuspend all but nine years. Allison's misconduct was a jailhouse conversation with his girlfriend, where the two conspired to forge a letter from Allison's mother asking the court to lift the civil protection order Allison's mother has against Allison. This claim fails for multiple reasons.

First, a "probation officer is not subject to a charge of ineffective assistance of counsel . . . ." *Clark v. United States*, 2010 WL 2776095, 6 (N.D. W.Va. 2010). Second, a simple

continuance does not facilitate or encourage any type of criminal behavior as Allison argues. Allison's claim that the court's continuance to acquire more information regarding Allison's criminal and violation history facilitated his misconduct is severely flawed, as Allison and his girlfriend conspired to forge this letter together using their own volition. Third, even if Allison's attorney lacked knowledge about his criminal and violation history, Allison is barred from claiming ineffective assistance of counsel due to the fact that there is no constitutional right to counsel at a probation revocation hearing. Accordingly, the undersigned **RECOMMENDS** that Claim 2 be **DISMISSED**.

In Claim 3, Allison argued that his attorney failed to note and perfect a timely appeal of the court's decision in his probation revocation hearing. Because there is no constitutional right to counsel at a probation revocation hearing, "there [can] be no ineffective assistance of counsel claim based on counsel's failure to file an appeal." *Allgood*, 48 F. Supp. 2d at 560 (citing *United States v. Drew*, 2 F. Supp. 2d 781, 783 (E.D. Va. 1998)). Allison is therefore barred from claiming ineffective assistance of counsel based on his attorney's failure to file a timely appeal. Accordingly, the undersigned **RECOMMENDS** that Claim 3 be **DISMISSED**.

In Claim 4, Allison argued that he was prejudiced by his attorney's ineffective assistance due to his attorney's failure to object the jailhouse phone call evidence. This claim is also without merit due to the lack of a constitutional right to counsel in probation revocation hearings. Because Allison cannot claim ineffective assistance of counsel with regard to Claim 4, the undersigned **RECOMMENDS** that claim 4 be **DISMISSED**.

## V. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**, and Allison's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

15

/s/
Lawrence R. Leonard
United States Magistrate Judge
_____
LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 29, 2016